GOTHAM SILK HOSIERY CO., INC., Plaintiff, *v.* PHILIP REINGOLD and Another, Trading as " THE REINGOLD HOSIERY CO.," Defendants.

Supreme Court, New York County, February 23, 1926.

**Depositions — examination of defendants before trial — motion to compel one defendant to answer questions — question of validity of provision in order empowering referee to sustain or overrule objections subject to consideration at trial cannot be considered on this motion — witness directed to answer questions — plaintiff will not be relieved of stipulation to pay fees of referee and stenographer.**

On a motion to compel one of the defendants to answer questions put to him on an examination before trial, the validity of a provision in the order for examination to the effect that the referee might sustain or overrule objections to questions subject to defendant's right to object thereto at the time of the trial, cannot be raised, for the defendants failed to take exception thereto by appeal and apparently have acquiesced therein by submitting to the examination.

The witness is directed to answer the questions asked, but the plaintiff is not relieved of its stipulation to pay the fees of the referee and stenographer on the ground that the action of the defendants in retarding the examination has increased those fees.

MOTION by plaintiff for order directing defendant Reingold to answer certain questions and to testify as to certain matters pursuant to an order for the examination of the defendants before trial.

*Spiro, Abrams & Felstiner* [*Abraham I. Spiro* of counsel], for the plaintiff.

*Newmark & Miller* [*Max D. Steuer* of counsel], for the defendants.

LEVY, J. An order was made by Mr. Justice PROSKAUER on October 19, 1925, directing an examination of the defendants before trial, before a referee named in such order. By it the referee was empowered " to pass on and either sustain or overrule objections to questions which may be put at said examination,

the right, however, being reserved to the defendants to object to any of said questions and testimony at the time of the trial." The defendants, pursuant to said order, appeared for examination before the referee, were duly represented by their attorneys and some 200 pages of testimony have already been taken. This motion is now made for an order directing:

(a) The defendant Reingold to answer certain questions which he declined " by advice of counsel; "

(b and c) To testify concerning certain matters specified in the order to show cause;

(d) To produce certain books; and

(e) To pay a certain proportion of the referee's and stenographer's fees.

The defendants now question the propriety and validity of the order pursuant to which the examination had proceeded. No appeal was taken from the granting of the same and it would appear that they acquiesced therein, especially as they actually submitted to the examination pursuant to its terms. I apprehend that it is now too late to question the validity or propriety of such order and I am at a loss to understand how I can review the action in this respect of my brother.

With reference to item " a," there appears no sound reason why the given defendant should not be required to answer the questions propounded to him. These were objected to by the defendants' counsel, the referee overruling the objections and the questions are obviously directed for the purpose of eliciting testimony which the plaintiff doubtless requires, and which seem to be well within the provisions of the order. No authority is offered justifying the refusal of the witness in this connection under circumstances similar to those here disclosed, and the defendant cannot be said to be prejudiced, for, if upon the trial of the action · questions are by the court deemed improper, they undoubtedly will be excluded. The witness will accordingly be directed to answer the questions and the motion to that extent will be granted.

With reference to items " b " and " c " information sought to be elicited under these subdivisions is not, as urged by the defendants, for the purpose of enabling the plaintiff to prove damages, but is merely intended to establish the infringement by the defendants, their knowledge and intention of competing unfairly with the plaintiff, and the proportion which the infringing goods bear to the total. The matters there are seemingly proper and likewise within the provisions of the order and the motion to this extent will also be granted.

With reference to item " d " the witness has shown that he is unwilling and unable, or both, to testify concerning the matter of purchases and sales of hoisery and what proportion of these was boys', children's or ladies'. It seems to me that this information he could well supply without any difficulty, and I think that here, too, he should be directed to answer.

With reference to item " e " it may be the examination has been unduly prolonged by the attitude of the witness. That fact notwithstanding, I feel that I should not relieve the plaintiff of its stipulation to pay the referee's and stenographer's fees, or in any event presume to modify the provisions of the order of Mr. Justice Proskauer in that regard. If the witness continues in the attitude demonstrated, the plaintiff will not be without adequate relief. The motion is granted as indicated. Settle order.